## A07A2310. JONES v. THE STATE.
(659 SE2d 875)

ADAMS, Judge.

Tasha Monique Jones, a/k/a Tasha M. Lee, appeals, pro se, from the trial court's order denying her "Motion to Correct a Voided Sentence." Jones was convicted of forgery in the first degree (Count

---

1), false writing (Count 2), and two counts of false statement (Counts 3 and 4). She was sentenced to ten years to serve on Count 1; five years to serve on Count 2, running consecutive to Count 1; and five years each on Counts 3 and 4, running concurrent to each other and consecutive to Counts 1 and 2.

"On appeal, [Jones] no longer enjoys a presumption of innocence, and we construe the evidence, and all reasonable inferences therefrom, in a light most favorable to the jury's verdict." *Alexander v. State,* 264 Ga. App. 251 (1) (590 SE2d 233) (2003). Viewed in that light, the evidence shows that in July 1999, Jones was seeking employment with a company called Inacom. A background check on Jones conducted on Inacom's behalf turned up a prior forgery conviction from 1993. Jones wanted to clear her record so she could get the job. On August 5, 1999, Jones went to the Georgia Bureau of Investigation (GBI) to request a certificate stating that she had no prior criminal record and submitted to fingerprinting to facilitate the process.

Ed Moss, a GBI fingerprint supervisor, scanned Jones's fingerprint card into the bureau's automated fingerprint identification system (AFIS). Moss determined that Jones's prints matched fingerprints obtained from an individual arrested on at least four separate occasions. GBI employee Cortne Brent then created a Georgia Crime Information Center (GCIC) certificate based on Moss's findings, which reflected that these fingerprints matched the prints taken from Jones on August 5. The certificate, dated August 6, 1999, indicated that Jones had a prior record by a check placed next to the language "record attached," and Jones's state identification number was inserted next to this language. GCIC Assistant Deputy Director Terry Gibbons signed the certificate, and Brent notarized it. When Jones returned, Brent gave her the certificate showing a criminal record. Jones was visibly upset at the results shown on the certificate and asked Brent for a piece of blank GBI letterhead. Brent refused.

On August 10, 1999, Jones visited a Cobb County Superior Court judge and told him that she wanted to expunge a criminal record. Jones told the judge that someone had stolen her purse and her identity, and that this was hindering her employment opportunity with Inacom. She told the judge that she had no criminal record and she was not the same Tasha Jones in the criminal record located by Inacom.[1] The judge told her he would sign an order expunging her record if the district attorney's office agreed.

---

[1] An investigator with the Cobb County District Attorney's office testified, however, that he had been working for the Cobb County Sheriff in 1992, and he identified Jones as the woman he arrested on September 17, 1992, and charged with forgery. Such charges resulted in a 1993 forgery conviction.

Later that day, Jones went to speak with a Cobb County Assistant District Attorney (ADA), and showed him the letter from Inacom saying it was holding a job for her. She told the ADA a similar story of mistaken identity and said that she had been fingerprinted and confirmed to have no criminal record. She then presented a GCIC certificate indicating that she had no prior criminal history.[2] That certificate appears identical to the GCIC certificate furnished to Jones on August 6, except the date is changed to August 2, 1999, and the check next to "record attached" and her state identification number are missing. Instead, a check is entered next to the language "No record." Terry Gibbons, the assistant deputy director of the GCIC who signed the original August 6, 1999 GCIC certificate, testified that he did not authorize these changes, and thus did not authorize the representations contained in the version of the certificate Jones presented to the ADA.

Relying upon Jones's misrepresentations and the altered document, the ADA prepared an expungement order and presented it to the judge. The judge, too, relied upon Jones's representation and the altered certificate, in signing the order. The ADA then faxed a letter and a copy of the signed order to Smart Hire, the company conducting the background check for Inacom.

The next day, a Smart Hire representative called the ADA's office to report that the company had a GCIC certificate showing that Jones did, in fact, have a criminal record. After Smart Hire faxed a copy of the certificate to the ADA, he compared it to the certificate Jones had given him. The ADA immediately began contacting state agencies to stop any further expungement of Jones's record. On August 19, the ADA went to the judge's office to tell him about Jones's deception. The judge ordered a hold on the expungement, and entered an order for a show cause hearing on August 25. The judge ultimately signed a new order setting aside the earlier expungement order and reinstating Jones's prior criminal record.

The trial court entered sentence on Jones's convictions in this case on February 17, 2006, and Jones filed a timely motion for new trial. She subsequently filed her "Motion to Correct Voided Sentence" on August 24, 2006, along with an amended motion for new trial. At the January 5, 2007 hearing on these motions, Jones represented that nine of her claims of error were common to both motions. This

---

[2] At some point, Jones also visited the attorney who had represented her on her prior forgery charges and persuaded him that she was not the same person the attorney had represented. The attorney later faxed a letter to the judge's office stating that Jones was not his former client. The attorney subsequently sent another letter stating that Jones had told him a similar story and that she had presented documentation reflecting that she had no criminal record.

appeal addresses the denial of Jones's motion to correct a void sentence, and does not address the denial of her motion for new trial, which appears to be the subject of a separate notice of appeal.

1. Jones, who represented herself pro se at the hearing, argued that "the heart of the Motion to Correct Voided Sentence is that the indictment does not state criminal behavior." She asserted that the indictment was fatally defective, primarily on the grounds that it failed to put her on notice of the claims against her and it failed to state the essential elements of these claims. She raised a panoply of arguments at the hearing and on appeal in support of this overarching claim.

"A sentence is void if the court imposes punishment that the law does not allow." (Citations and punctuation omitted.) *English v. State*, 282 Ga. App. 552, 555 (2) (639 SE2d 551) (2006). "And a void sentence may be corrected at any time, even though the time for modifying a sentence under OCGA § 17-10-1 (f) has passed." *Kaiser v. State*, 285 Ga. App. 63, 66 (1) (646 SE2d 84) (2007). Moreover, "[a] general demurrer challenging the validity of the indictment may be raised at any time, but not in any proceeding." (Footnote omitted.) *Fleming v. State*, 276 Ga. App. 491, 494 (2) (623 SE2d 696) (2005). Instead, such arguments must be raised in a motion in arrest of judgment:

> After a defendant has been convicted under the indictment and judgment has been entered on the conviction, the indictment may be challenged in a motion in arrest of judgment, which asserts that the indictment contains a defect on its face affecting the substance and real merits of the offense charged and voiding the indictment, such as failure to charge a necessary element of a crime.

(Punctuation and footnote omitted.) Id. at 494-495. Thus, Jones's arguments that the indictment failed to allege the essential elements of the charges against her and thus failed to put her on notice of the crimes charged "is cognizable as a motion in arrest of judgment," not as a motion to correct a void sentence. Id. at 495.

And a motion in arrest of judgment must be filed within the same term of court in which the judgment was entered. *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). The trial court's judgment of sentence against Jones was entered in February 2006, during the January term of the Cobb County Superior Court, but her motion to correct a void sentence was not filed until three terms later, in August, during the court's July term. OCGA § 15-6-3 (11). Accordingly, Jones's arguments attacking the validity of her indictment are untimely. *Wright v. State*, 277 Ga. at 811; *Johnson v. State*, 281 Ga. App. 401 (636 SE2d 124) (2006).

2. Moreover, a number of the arguments that Jones raises in attacking the indictment are essentially attempts to have her judgment of conviction vacated. She argues, for example, that her conviction under Count 1 cannot stand because the August 2 GCIC certificate was not forged as it contained Terry Gibbons's signature, not a forged signature; that the proof at trial under Count 1 varied from the allegation in the indictment; and that a charge of making a false statement to a government agency under OCGA § 16-10-20 does not apply to the judicial branch, as alleged in Counts 3 and 4.[3] In asserting such arguments, Jones does not contend that the sentences imposed were illegal or void because they were outside the allowable range of statutory punishment. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Rather these arguments attack the conviction, not the sentence, and are essentially attempts to vacate a judgment of conviction.

Such a motion to vacate, however, does not lie in a criminal action. Rather, a defendant is limited to the recognized procedures for challenging convictions. *Wright v. State*, 277 Ga. App. at 811. Accordingly, Jones could properly pursue such claims in her motion for new trial. That motion, unlike the motion in this case, was filed within the same term as the judgment and raised similar issues. Such claims are also cognizable in a habeas proceeding. Id.

3. Jones raises one claim, however, that may be cognizable in her motion to correct a void sentence. Although framed as an attack on the indictment, she asserts that "Count Two charges false writing during the commission of Count One," and that "a false writing made during a separate transaction, such as Forgery in the First Degree 'could not form [the] basis of [a] separate predicate act,'" citing *Adams v. State*, 231 Ga. App. 279 (499 SE2d 105) (1998). As the state concedes, "Jones may be raising an issue of multiple prosecutions for the same conduct." A sentence imposed for an offense that is included in another offense as a matter of fact is a punishment the law does not allow, and thus it must be considered void. *Curtis v. State*, 275 Ga. 576, 577-578 (1) (571 SE2d 376) (2002); OCGA § 16-1-7. In closing argument, the state asserted the offenses alleged under Counts 1 and 2 were each completed when Jones handed the August 2 GCIC report to the ADA knowing it to be false. Jones contends that this is sufficient to show that the two offenses were not separate.

Under OCGA § 16-1-6 (1) a crime is "included in a crime charged in the indictment or accusation" when "[i]t is established by proof of

---

[3] But see *Grant v. State*, 227 Ga. App. 88, 92 (2) (488 SE2d 79) (1997) (nothing in the language of OCGA § 16-10-20 excludes its application to the judicial branch).

the same or less than all the facts or a less culpable mental state than is required to establish the commission of [the other crime]."

> [T]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

(Punctuation and footnote omitted.) *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006). Thus, "[a] single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." (Punctuation and footnote omitted.) Id.

To establish the forgery charge as alleged in this case, the state had to prove that Jones, "with the intent to defraud . . . knowingly ma[de] or possesse[d] any writing in such manner that the writing as made purports to have been made by authority of one who did not give such authority and utters or delivers such writing." (Punctuation and footnote omitted.) *Jordan v. State*, 242 Ga. App. 547, 548 (1) (a) (528 SE2d 858) (2000); OCGA § 16-9-1. Under Count 2, the state was required to prove that Jones made or used a false writing or document, "knowing the same to contain any false, fictitious, or fraudulent statement or entry, in any matter within the jurisdiction of any department or agency of . . . the government of any county." OCGA § 16-10-20. See *Dawkins v. State*, 278 Ga. App. 343 (629 SE2d 45) (2006).

The single act of providing the August 2 GCIC certificate to the ADA may prove a violation of both statutes only "if each statute requires proof of an additional fact which the other does not." Here, the charged forgery count required proof that the writing purported to be made by authority of one who, in fact, gave no such authority. The false writing charge requires no such proof. And the false writing charge required proof that the certificate was made or used in a matter within the jurisdiction of the Cobb County District Attorney's office. No such proof was required for the forgery conviction. Accordingly, neither charge was included in the other, and the sentences imposed on Counts 1 and 2 are not void.

4. We find no merit to Jones's remaining arguments to the extent such arguments could be interpreted as properly raising an issue of a void sentence. The sentence on each count was within the statutory range of punishment for the crime charged, and thus could not be considered void. See *Hughes v. State*, 273 Ga. App. 705, 706 (615 SE2d 819) (2005).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 24, 2008.

Tasha M. Jones, *pro se.*
Patrick H. Head, *District Attorney,* Marion T. Woodward, John R. Edwards, *Assistant District Attorneys*, for appellee.