# Court of Appeals
# of the State of Georgia

ATLANTA,  October 29, 2015

*The Court of Appeals hereby passes the following order:*

**A16D0076. COLTON WILLIAMS v. THE STATE.**

Colton Williams, who is serving a 10 year sentence for conspiracy to commit armed robbery and possession of a firearm during the commission of a crime, filed a pro se motion seeking to set aside a void conviction. Specifically, he contends that the process for obtaining his indictment was legally flawed. The trial court denied the motion, and Williams filed this application for discretionary appeal. We, however, lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Williams does not argue that his sentence fell outside the permissible statutory range; rather, he contends that his indictment was flawed. But this is not a valid void

sentence claim. See *Jones v. State*, 290 Ga. App. 490, 493 (1) (659 SE2d 875) (2008). Because Williams has not raised a colorable void-sentence claim, this application for discretionary appeal is hereby DISMISSED for lack of jurisdiction. See *Roberts*, supra.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*____10/29/2015____
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*