# Court of Appeals
# of the State of Georgia

ATLANTA,   September 09, 2016

*The Court of Appeals hereby passes the following order:*

**A17D0037.  WILLIAM MARSHALL DAVIS v. THE STATE.**

On February 4, 2015, William Marshall Davis pled guilty to aggravated assault, false imprisonment, and family violence battery.  On July 29, 2016, Davis filed an "Extraordinary Motion to Modify, and/or 'Suspend' the Courts Imposed Void Judgments of Convictions and Illegally Imposed Sentence Based Upon Exceptional Circumstances and the Law," which the trial court denied.[1]  Davis then filed this application for discretionary appeal.  We lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."  *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed.  See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

---

[1] The trial court's order incorrectly states that Davis pled guilty on February 4, 2016, but Davis included the Final Disposition as an exhibit to his application, which establishes the correct date.

Accordingly, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Davis does not argue that his sentence exceeded legal limits; rather, he claims that his indictment was fundamentally flawed.  This is a challenge to the validity of his convictions, not his sentence. See *Jones v. State*, 290 Ga. App. 490, 493 (1) (659 SE2d 875) (2008) (challenge regarding indictment does not raise a valid void sentence claim).  Because Davis  has not raised a colorable argument that his sentence is void, this application is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____09/09/2016_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*