# Court of Appeals
# of the State of Georgia

ATLANTA,  October 04, 2016

*The Court of Appeals hereby passes the following order:*

**A17A0279.  TRAVIS JOHNSON v. THE STATE.**

In 2010, Travis Johnson pled guilty to armed robbery, robbery, and possession of a firearm during the commission of a crime, and the trial court imposed a 45-year total sentence, with the first 15 years to be served in prison.  Several years later, Johnson filed a motion to correct void sentence, which the trial court denied on July 18, 2016.  Johnson filed a notice of appeal on August 31, 2016.  We lack jurisdiction for two reasons.

First, a notice of appeal must be filed within 30 days of entry of the order sought to be appealed.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).  Because Johnson filed his notice of appeal 44 days after entry of the trial court's order, his appeal is untimely.

Second, a direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Johnson argues in his motion to correct void sentence that he should not have been sentenced for both armed robbery and robbery because his indictment did not charge factually separate crimes on these counts. Regardless of whether this contention is predicated on alleged defects in Johnson's indictment or on a claim that his convictions should have merged, this argument challenges his convictions, not his sentences. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010) (a merger claim is a challenge to convictions, not sentences); *Jones v. State*, 290 Ga. App. 490, 493-494 (1) & (2) (659 SE2d 875) (2008) (challenge to validity of indictment is challenge to conviction, not sentence).

Because Johnson has not raised a valid void-sentence claim, we lack jurisdiction to consider his appeal. See *Harper*, 286 Ga. at 218 (2). To the extent that Johnson's motion could be construed as seeking to vacate or modify his convictions, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," id. at 218 (1), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,_____10/04/2016_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.