# Court of Appeals
# of the State of Georgia

ATLANTA,  December 28, 2016

*The Court of Appeals hereby passes the following order:*

**A17A0657. WALTER FRANK COLEMAN v. THE STATE.**

Walter Frank Coleman pled guilty to influencing a witness.[1] He subsequently filed a "Motion to Vacate and Set Aside Void Judgment," arguing the trial court's failure to conduct a hearing prior to sentencing him as a recidivist rendered his sentence void. The trial court denied the motion, and Coleman appeals.

As the Supreme Court has explained, a post-conviction motion to vacate an allegedly void conviction is not an appropriate remedy in a criminal case. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed.  See *Roberts*, supra; *Harper*, supra.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v.*

---

[1] Coleman filed a motion to withdraw his guilty plea, which the trial court denied. Coleman appealed the ruling, which this Court affirmed on appeal. See *Coleman v. State*, 337 Ga. App. 732 (788 SE2d 826) (2016).

*State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Coleman does not argue that his sentence falls outside the permissible statutory range; rather, he contends that the trial court did not follow the proper procedure in imposing sentence.[2] As the Supreme Court stated in *Jones v. State*, 278 Ga. 669, 671 (604 SE2d 483) (2004), post-appeal "[r]ulings on pleadings asserting erroneous procedure or unfair treatment are not subject to direct appeal because they are not rulings on whether the sentence is void." See *Jones v. State*, 290 Ga. App. 490, 493 (1) (659 SE2d 875) (2008). Because Coleman has not raised a colorable void-sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,__12/28/2016_____*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____, *Clerk.*

---

[2] Coleman argues that OCGA § 17-10-7 (a) mandates a hearing on the issue of recidivist sentencing. This statute contains no such requirement.