# Court of Appeals
# of the State of Georgia

ATLANTA,  December 16, 2016

*The Court of Appeals hereby passes the following order:*

**A17A0686.  CORNELL MURRAY v. THE STATE.**

In 2014, Cornell Murray pled guilty to armed robbery, and the trial court imposed a 15-year sentence, with the first 12 years to be served in prison and the remainder to be served on probation.[1]  The record contains no indication that Murray filed a direct appeal from his judgment of conviction.

In August 2016, Murray filed a motion to correct an illegal and/or void sentence, raising several challenges to his grand jury proceedings and resulting indictment.  The trial court denied Murray's motion, and he filed this direct appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).  Once this statutory period expires, a trial court may modify only a void sentence.  Id.  A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  When a sentence falls within the statutory range of punishment, it is not void and is not subject to post-appeal modification beyond that provided in § 17-10-1 (f).  Id.  A direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

---

[1] Murray also pled guilty to aggravated assault, which merged into his armed robbery conviction.

Here, each of Murray's claims challenge his conviction, and not his sentence, and thus do not state colorable void-sentence claims. See *Jones v. State*, 290 Ga. App. 490, 493-494 (1) & (2) (659 SE2d 875) (2008) (challenge to validity of indictment is challenge to conviction, not sentence). Consequently, we lack jurisdiction to consider his appeal. See *Frazier*, 302 Ga. App. at 348. To the extent that Murray's motion could be construed as seeking to vacate or modify his conviction, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, 12/16/2016*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*