# Court of Appeals
# of the State of Georgia

ATLANTA,  June 01, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1698.  TAVORIS DESHAWN THOMAS v. THE STATE.**

In 2015, Tavoris DeShawn Thomas pled guilty to armed robbery and aggravated assault and was given an aggregate 15-year sentence, with 10 to serve in prison.  In March 2017, Thomas filed a pro se "Motion to Correct a Void Indictment."  Thomas contended that his sentence was invalid, asserting that only his co-indictee had held a weapon during the underlying criminal incident and arguing that the indictment was fatally flawed.  The trial court denied Thomas's motion, and Thomas filed this direct appeal.  We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009).  Once that statutory period expires, as it had here when Thomas filed his motion, a trial court may modify a sentence only if it is void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

A direct appeal may lie from an order denying a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 (1), n. 1 (686 SE2d 786) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it is not void. *Jones*, supra.

Thomas has not claimed that his sentence falls outside of any applicable statutory range. The claims that he has advanced challenged the validity of his convictions, not his sentence. See *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008) (challenge to validity of indictment is challenge to conviction, not sentence); *Jones*, 278 Ga. at 670 ("Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void."). A motion to vacate or modify a conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper*, supra at 218 (1). And an appeal from an order denying such a motion must be dismissed. See *Roberts*, supra; *Harper*, supra at 218 (2).

Given the foregoing, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  06/01/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*