# Court of Appeals
# of the State of Georgia

ATLANTA,  August 24, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0058.  LEMUEL MABRY, III v. THE STATE.**

In 2015, Lemuel Mabry, III, pled guilty to aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon.  The trial court imposed a 20-year total sentence, with the first 12 years to be served in prison, and the remainder to be served on probation.  The record contains no indication that Mabry filed a direct appeal from his judgment of conviction.[1]

In May 2017, Mabry filed a motion to vacate or correct a void sentence, raising several challenges to his indictment.  The trial court denied Mabry's motion, and he filed this direct appeal.  We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).  Once this statutory period expires, a trial court may modify only a void sentence.  Id.  A sentence is void if the court imposes punishment that the law does not allow.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f).  See id.  Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time

---

[1] In September 2016, this Court dismissed as untimely Mabry's appeal from the denial of his motion for an out-of-time appeal.  See *Mabry v. State*, No. A17A0054 (Sept. 15, 2016).

period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Here, each of Mabry's claims challenge his convictions, and not his sentences, and thus do not state colorable void-sentence claims. See *Jones v. State*, 290 Ga. App. 490, 493-494 (1) & (2) (659 SE2d 875) (2008) (challenge to validity of indictment is challenge to conviction, not sentence). To the extent that Mabry's challenge to the two firearm charges may be read as a claim that the two ensuing convictions should have merged, such a claim likewise implicates the validity of his convictions, and not his sentences, and similarly does not state a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010). Finally, to the extent that Mabry's motion could be construed as seeking to vacate or modify his conviction, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction. See *Frazier*, 302 Ga. App. at 348-349.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   08/24/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ , *Clerk.*