# Court of Appeals
# of the State of Georgia

ATLANTA,  February 26, 2018

*The Court of Appeals hereby passes the following order:*

**A18D0307. EMBERY J. MCBRIDE v. THE STATE.**

Embery J. McBride, who is serving a life sentence for rape and aggravated sodomy, filed a "Motion to Correct Void Unconstitutional Illegal Judgment and Conviction Incorporated With Supremacy Clause." The trial court denied the motion, and McBride filed this application for discretionary appeal.[1] We, however, lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

---

[1] McBride filed his application in the Supreme Court, which transferred the matter to this Court.

According to the trial court's order, McBride challenged the procedure employed in obtaining his indictment.[2] A challenge to an indictment is a challenge to the conviction rather than the sentence. See See *Jones v. State*, 290 Ga. App. 490, 493 (1) (659 SE2d 875) (2008). Because McBride has not raised a colorable void-sentence claim, his application for discretionary appeal is hereby DISMISSED. See *Roberts*, supra.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,   02/26/2018*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] In violation of this Court's rules, McBride failed to include a copy of the motion with his application for discretionary appeal. See Court of Appeals Rule 31 (e).