# Court of Appeals
# of the State of Georgia

ATLANTA,  October 03, 2018

*The Court of Appeals hereby passes the following order:*

## A19D0096.  KELVIN WHITE v. THE STATE.

Kelvin White was convicted of voluntary manslaughter, two counts of aggravated assault, and various other offenses.  After the denial of his motion for new trial, White appealed, and his convictions were affirmed. See *White v. State*, 312 Ga. App. 421 (718 SE2d 335) (2011).  In 2018, White filed a motion challenging his sentence as void[1] and a separate motion to dismiss for lack of jurisdiction.  The trial court denied the motions, and White filed this application for discretionary review.

In his motion to dismiss, White argued that his trial was illegal because his indictment was not returned in open court.  "In Georgia, a grand jury indictment must be returned in open court, and the failure to do so is per se injurious to the defendant." *Thompson v. State*, __ Ga. __ (3) (816 SE2d 646, 651) (2018).  Thus, the crux of White's motion was a challenge to the validity of his convictions. See *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008). But "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," and any appeal from an order denying or dismissing such a motion must be dismissed.[2] *Harper v. State*, 286 Ga. 216, 218 (1) (2) (686 SE2d 786) (2009).

According to the trial court's order, White argued that his sentence was void

---

[1] White did not include a copy of the motion challenging his sentence, as is required by Court of Appeals Rule 31 (e).

[2] White could have challenged his indictment through a motion in arrest of judgment, but such motions must be filed within the same term of court in which the judgment was entered. See *Jones*, supra, 290 Ga. App. at 493 (1).

because his trial was illegal. However, as discussed above, White is precluded from challenging the validity of his trial at this juncture. Moreover, a direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. at 217, n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Here, White's claim that his sentence was void because his trial was illegal is not a colorable void sentence argument.

For the reasons discussed above, this application is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,___10/03/2018_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, *Clerk.*