# Court of Appeals
# of the State of Georgia

ATLANTA,  February 26, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1341.  TERRENCE POWELL v. THE STATE.**

In 2005, Terrence Powell pleaded guilty to armed robbery and theft by receiving stolen property, and the trial court sentenced him to life imprisonment.[1] In October 2019, he filed a motion to dismiss and for a de novo hearing on the basis that his indictment was not returned in open court and his conviction should therefore be set aside under OCGA § 9-11-60 (d). The court denied the motion, and Powell filed this appeal. We lack jurisdiction.

"It has been held many times that a motion to set aside a judgment is inappropriate in a criminal case." *Lacey v. State*, 253 Ga. 711, 711 (324 SE2d 471) (1985). Powell's claim that his indictment was not returned in open court constitutes an attack on the validity of his conviction. See *Thompson v. State*, 304 Ga. 146, 149 (3) (816 SE2d 646) (2018) ("Appellant claims that his convictions are void because the record does not show that his indictment was returned in open court."); *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008) (holding that attacks on the indictment are essentially attempts to have the judgment of conviction vacated). As

_____

[1] Since then, Powell has had several appeals. Following his conviction, he filed a motion for an out-of-time appeal, which was denied, and this Court dismissed his subsequent application for discretionary review because it was untimely. See Case No. A09D0328 (May 1, 2009). He then filed a second motion for an out-of-time appeal, which was also denied, and this Court dismissed the subsequent appeal for failure to timely file a brief. See Case No. A10A0549 (Dec. 16, 2009). Powell next appealed from the trial court's order denying his third motion for an out-of-time appeal, and this Court affirmed the trial court's ruling in an unpublished opinion on the basis of res judicata. See Case No. A19A0391 (May 13, 2019).

the Supreme Court has made clear, a post-conviction motion seeking to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and a direct appeal from the trial court's ruling on such a motion should be dismissed. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (1) & (2) (686 SE2d 786) (2009).

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  02/26/2020*
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*