# Court of Appeals
# of the State of Georgia

ATLANTA, August 05, 2021

*The Court of Appeals hereby passes the following order:*

## A22D0010. DAVID NEALY, JR. v. THE STATE.

David Nealy, Jr., was convicted of several offenses, including aggravated child molestation and statutory rape. We affirmed his convictions in an unpublished opinion. *Nealy v. State*, Case No. A03A2116 (Sept. 18, 2003). Nealy later moved to vacate his convictions and sentence, arguing that the charges should have merged. The trial court denied the motion, and Nealy appealed. We dismissed the appeal because Nealy failed to raise a colorable claim that his sentence was void. *Nealy v. State*, Case No. A15A0497 (Dec. 8, 2014). Back in the trial court, Nealy filed another motion asserting that his indictment was fatally defective. The trial court denied that motion, and Nealy filed this application for discretionary appeal.

Nealy's challenges to the validity of the indictment are an attack upon his convictions. See *Thompson v. State*, 304 Ga. 146, 149 (3) (816 SE2d 646) (2018); *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008). The Supreme Court, however, has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); see also *Weaver v. State*, __ Ga. App. __ (1) (Case No. A21A0383, decided June 15, 2021) ("a motion to vacate an allegedly void conviction is an improper mechanism in which to collaterally attack a conviction"). Because Nealy is not authorized to collaterally attack his convictions in this manner, this application is hereby DISMISSED. See *Roberts*, 286 Ga. at 532; *Harper v. State*, 286 Ga. 216, 218 (2) (686 SE2d 786) (2009).



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* __08/05/2021__

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*