# Court of Appeals
# of the State of Georgia

ATLANTA,  December 30, 2021

*The Court of Appeals hereby passes the following order:*

**A22A0724. JOHN R. NASHID v. THE STATE.**

John R. Nashid was convicted of armed robbery, kidnapping, and other crimes, and this Court affirmed his convictions on appeal. See *Nashid v. State*, 271 Ga. App. 202 (609 SE2d 106) (2004). In May 2021, Nashid filed a motion to dismiss his criminal case, The trial court denied Nashid's motion, and he filed this appeal. We lack jurisdiction.

In his motion to dismiss, Nashid claimed that the trial court lacked subject matter jurisdiction because his indictment was not returned in open court. This is an attack on Nashid's convictions. See *Thompson v. State*, 304 Ga. 146, 149 (3) (816 SE2d 646) (2018) ("Appellant claims that his convictions are void because the record does not show that his indictment was returned in open court."); *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008) (holding that challenges to the indictment "are essentially attempts to vacate a judgment of conviction"). A "petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). And any appeal from an order denying or dismissing such a motion must be dismissed. Id. at 218 (2).[1]

---

[1] A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper*, 286 Ga. at 217, n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Although Nashid alleged in his motion to dismiss that his convictions and sentence are void, he attacks his convictions, not his sentence. See *Jones*, 290 Ga. App. at 494 (2). Accordingly, he has not raised a colorable void

For these reasons, Nashid's appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* ___12/30/2021___

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

___Stephen E. Castlen___ *, Clerk.*

---

sentence claim. See *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides.").