# Court of Appeals
# of the State of Georgia

ATLANTA,  April 26, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1227. TIMOTHY FRADY v. THE STATE.**

In 2016, Timothy Frady was convicted of rape, incest, and two counts of child molestation. We affirmed the convictions. See *Frady v. State*, 359 Ga. App. 255 (857 SE2d 260) (2021). Frady thereafter filed a motion in arrest of judgment, arguing that his convictions were void for lack of jurisdiction, fraud, and a non-amendable defect on the face of the record, and challenging the validity of his arrest and various aspects of the indictment. The trial court dismissed the motion, finding that it was untimely because Frady filed it several years after the term of court in which he was convicted. Frady then filed a second motion in arrest of judgment, raising essentially the same claims he raised in the first motion. The trial court dismissed the second motion as untimely, and Frady appealed. We lack jurisdiction.

In substance, Frady's motions challenging his arrest and indictment are challenges to the validity of his convictions. See *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008) (holding that attacks on the indictment are essentially attempts to have the judgment of conviction vacated). The Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Thus, Frady is not authorized to collaterally attack his convictions in this manner, and this appeal is subject to dismissal. See id.; *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).

Moreover, this Court previously rejected Frady's challenge to his convictions.

See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (punctuation omitted); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"); *Jordan v. State*, 253 Ga. App. 510, 511-512 (2) (559 SE2d 528) (2002) ("It is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds. Our determination in the earlier appeal is res judicata; the instant appeal is therefore barred, and we are without jurisdiction to review this same matter for a second time.") (punctuation omitted). Thus, Frady's current appeal is barred by the doctrine of res judicata. See *Jackson*, 273 Ga. at 320. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* *04/26/2022*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*