# Court of Appeals
# of the State of Georgia

ATLANTA,  December 01, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0798. CHAD HARGREAVES v. THE STATE.**

A jury convicted Chad Hargreaves of five counts of child molestation and a single count each of aggravated sodomy and aggravated child molestation. He was sentenced to life in prison. We affirmed his convictions in an unpublished opinion. See *Hargreaves v. State*, Case No. A18A0181 (May 25, 2018).

Hargreaves then filed a "Motion to Set Aside a Void Indictment," alleging that his convictions and sentence were void because the State failed to follow the proper procedures to obtain a valid charging document. The trial court denied the motion, and Hargreaves appealed. We dismissed the appeal for lack of jurisdiction, explaining that Hargreaves's motion was, in substance, a petition to vacate his judgment of conviction, which is not an appropriate remedy in a criminal case. See *Hargreaves v. State*, Case No. A19A0667 (Nov. 16, 2018).

Last month, Hargreaves filed a "Motion to Vacate the Void Judgment," again arguing that his conviction is a nullity because his indictment was flawed. The trial court denied the motion, and Hargreaves appeals. Once again, however, we lack jurisdiction.

A challenge to the validity of an indictment is a challenge to a criminal conviction. See *Jones v. State*, 290 Ga. App. 490, 494(2) (659 SE2d 875) (2008). But "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a petition or motion must be dismissed. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, 286

Ga. at 218(2).

Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* ___12/01/2025_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*