## S09A1451. ROBERTS v. THE STATE.
### (690 SE2d 150)

THOMPSON, Justice.

Victor Roberts was convicted of the 1983 murder of Mary Jo Jenkins and sentenced to death. His conviction and sentence were affirmed by this Court. *Roberts v. State*, 252 Ga. 227 (314 SE2d 83) (1984). Roberts was granted full habeas corpus relief in federal court, however, and his case was returned to the trial court for retrial. While awaiting retrial, Roberts entered into an agreement with the State in which the State agreed to waive the death penalty and Roberts agreed to plead guilty to murder and kidnapping charges. Roberts was sentenced to two consecutive life sentences. In 2008 Roberts filed numerous motions challenging his convictions. The trial court denied these motions and Roberts appealed. After reviewing the record, we dismiss this direct appeal.

Regardless of the nomenclature, each of Roberts' motions seeks to set aside or vacate his criminal convictions. See *Marshall v. State*, 229 Ga. 841 (1) (195 SE2d 12) (1972) (substance controls over nomenclature in consideration of pleadings). A motion to vacate a conviction, however, is not one of the established procedures for challenging the validity of a judgment in a criminal case. See *Harper v. State*, 286 Ga. 216 (686 SE2d 786) (2009); *Williams v. State*, 283 Ga. 94 (656 SE2d 144) (2008). Because Roberts was not authorized to seek relief from his criminal convictions pursuant to a motion to vacate or correct a void conviction, there is nothing for this Court to review and his direct appeal is subject to dismissal.[1] See *Harper*, supra; *Jones v. Henderson*, 285 Ga. 804 (684 SE2d 265) (2009).

*Appeal dismissed. All the Justices concur.*

DECIDED JANUARY 25, 2010 —
RECONSIDERATION DENIED MARCH 1, 2010.

Victor Roberts, *pro se.*

Scott L. Ballard, *District Attorney*, Robert W. Smith, Jr., *Assistant District Attorney*, for appellee.

---

[1] We note that none of the filed motions can be construed by this Court as a proper vehicle for attacking Roberts' convictions as they were neither filed within the time permitted for motions in arrest of judgment, see OCGA § 17-9-61, nor in the county in which Roberts was detained as required for petitions for writ of habeas corpus. OCGA § 9-14-43. See *Crane v. State*, 249 Ga. 501 (292 SE2d 67) (1982).