# Court of Appeals
# of the State of Georgia

ATLANTA, February 07, 2014

*The Court of Appeals hereby passes the following order:*

**A14D0217.  FREDERICK GOFF v. THE STATE.**

Frederick Goff filed this application for discretionary appeal seeking to challenge a superior court order denying a motion to vacate an illegal conviction. In his argument, however, Goff alleges that the trial court erred in revoking his probation. Goff has not included any such revocation order in his application. In any event, we lack jurisdiction to entertain this application.

To the extent that Goff seeks to challenge the revocation of his probation, his failure to include the order precludes appellate review.  Pursuant to OCGA § 5-6-35 (c) and Court of Appeals Rule 31 (b), an application for discretionary review must include a copy of the order being appealed.  In the absence of the appealable order, we are unable to assume jurisdiction.  See *Boyle v. State of Ga.*, 190 Ga. App. 734 (380 SE2d 57) (1989) ("The requirements of OCGA § 5-6-35 are jurisdictional and this court cannot accept an appeal not made in compliance therewith.").

To the extent Goff seeks appellate review of the trial court's order denying a motion to vacate an illegal conviction and sentence, we also lack jurisdiction.  "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).  A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See id., supra at n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only if it imposes punishment that the law does not allow.

*Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). Here, Goff does not raise a colorable void sentence claim. Rather, he challenges only the revocation of his probation. Under these circumstances, we lack jurisdiction to consider the merits of this application for discretionary appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 02/07/2014
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*