# Court of Appeals
# of the State of Georgia

ATLANTA,    August 20, 2014

*The Court of Appeals hereby passes the following order:*

**A14A2154.  GRADY R. WILLIAMS v. THE STATE.**

In 2008, Grady Williams was convicted of armed robbery and other offenses. On May 12, 2014, he filed a motion to dismiss his indictment, arguing that the state failed to prove venue at trial, his indictment was legally insufficient, his arrest warrant was invalid, his speedy trial rights were violated, and the prosecutor committed misconduct and acted vindictively.  On June 10, 2014, the trial court signed an order declining to consider the motion, and Williams appeals.[1]  We, however, lack jurisdiction.

Despite its caption, Williams's motion to dismiss his indictment is, in substance, an effort to set aside or vacate his convictions.  But as the Supreme Court has made clear, a post-conviction motion seeking to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed.[2] See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).  A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is,

---

[1] Williams has filed other motions to dismiss his indictment, which the trial court also has denied or declined to consider.  His notice of appeal, however, indicates that he wishes to appeal the court's June 10 order, which addressed only his May 12 motion.

[2] We note that Williams has not yet had an appeal from his convictions.  He has filed a motion for out-of-time appeal, which appears to be pending in the trial court.

in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Williams's motion, however, presented challenges to his convictions, not his sentence. Because Williams may not attack his convictions in this manner and did not assert a colorable void-sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 08/20/2014
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



, *Clerk.*