# Court of Appeals
# of the State of Georgia

ATLANTA,   December 09, 2015   

*The Court of Appeals hereby passes the following order:*

**A16A0203.  BEAUPRE MONTFORD v. THE STATE.**

In 2011, Beaupre Montford pled guilty to several offenses, including involuntary manslaughter and aggravated assault, and received a total sentence of 35 years with 25 years to serve.  Montford moved to withdraw his guilty plea, but the trial court denied his motion and we affirmed.  *Montford v. State*, 317 Ga. App. 417 (731 SE2d 91) (2012).  In May 2015 he filed a motion to vacate, arguing that his convictions and sentences must be set aside because they are based on mutually exclusive verdicts.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."  *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  Any appeal from an order denying or dismissing such a motion must be dismissed.  See id.; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).  A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper*, supra at n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (a) (409 SE2d 517) (1991).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Montford did not contend that his sentence was outside the statutory

maximum for his offenses. Instead, he argued that his convictions are invalid because they are based on mutually exclusive verdicts. This is not a colorable void-sentence argument. See id.

Moreover, the Supreme Court recently overruled its prior precedent barring mutually exclusive verdicts, and held that where the evidence authorizes a finding of guilt on offenses which require different levels of mens rea, verdicts of guilt on both offenses are permissible. *State v. Springer*, 297 Ga. 376 (2) (774 SE2d 106) (2015). See also *Williams v. State*, __ Ga. __ (Case No. S15A0939, decided Nov. 2, 2015) (applying *Springer* rule in a case where the conviction was entered in 2008); *Driskell v. State*, __ Ga. App. __ (Case No. A15A1443, decided Sept. 23, 2015) (With *Springer*, "the inconsistent verdict rule has been abolished in Georgia.").

Because Montford did not raise a colorable void-sentence argument, we lack jurisdiction to review the trial court's denial of his motion. See *Roberts*, supra. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* __12/09/2015__
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*