# Court of Appeals
# of the State of Georgia

ATLANTA,    September 15, 2016

*The Court of Appeals hereby passes the following order:*

**A16A2195. JONAFER COBB v. THE STATE.**

In 1996, Jonafer Cobb was convicted of statutory rape and two counts of child molestation, for which he was sentenced to forty years with thirty to serve. Cobb's convictions were affirmed on appeal in an unpublished opinion. See *Cobb v. State*, Case No. A97A2213 (decision January 22, 2008). In 2016, Cobb filed a "Motion to Void Judgment," arguing that he was not properly served with an indictment, and that both counts of child molestation should have merged into statutory rape. Following a hearing, the trial court denied his motion. Cobb filed this appeal.

Cobb's motion is, in substance, an effort to set aside or vacate his convictions. "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Accordingly, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Cobb's motion, however, does not allege that his sentence exceeded the maximum allowable punishment for child molestation and statutory rape. Under these circumstances, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*   09/15/2016
  *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____ , *Clerk.*