# Court of Appeals
# of the State of Georgia

ATLANTA,  May 12, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0424.  MARSHALL RICE v. THE STATE.**

Convicted of multiple offenses,[1] Marshall Rice filed a pro se motion to merge sentences.  On March 20, 2017, the trial court entered an order denying Rice's motion.  Rice filed a motion for reconsideration, but the trial court denied that motion.  Thereafter, on April 25, 2017, Rice filed this application for discretionary appeal.  We lack jurisdiction.

An application for discretionary appeal must be filed within 30 days of entry of the order or judgment to be appealed.  OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith.  *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989).  The filing of a motion for reconsideration does not extend the time for filing a discretionary application, and the denial of a motion for reconsideration is not an appealable order.  See *State v. White*, 282 Ga. 859, 860 (1) (655 SE2d 575) (2008); *Bell v. Cohran*, 244 Ga. App. 510, 510 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). This application, filed 36 days after entry of the trial court's denial of Rice's motion to merge sentences, is untimely.

Furthermore, even had Rice timely filed his application for discretionary appeal,  we would lack jurisdiction.  Ordinarily, we will grant a timely application when the lower court's order is subject to direct appeal.  See OCGA § 5-6-35 (j).  But

---

[1] By unpublished opinion, this Court affirmed Rice's judgment of conviction. *Rice v. State*, Case No. A16A1822 (decided November 30, 2016).

the lower court's order contested here – the denial of a motion seeking merger of sentences – is not directly appealable, because Rice's motion constituted a challenge to his judgment of conviction.  See *Nazario v. State*, 293 Ga. 480, 488 (2) (d) (746 SE2d 109) (2013).  A motion to vacate or modify a conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  And an appeal from an order denying or dismissing such a motion must be dismissed.  See *Roberts*, supra; *Harper*, supra at 218 (2).

Given the foregoing, this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   05/12/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.