# Court of Appeals
# of the State of Georgia

ATLANTA,  June 21, 2017

*The Court of Appeals hereby passes the following order:*

## A17D0492.  PAUL K. MURRAY v. THE STATE.

In 2006, Paul Murray pled guilty to three counts of child molestation, for which he was given an aggregate sentence of twenty years to serve in prison.[1]  In December 2016, Murray filed the underlying motion challenging his conviction.  The trial court denied Murray's motion, and Murray seeks a discretionary appeal.  We lack jurisdiction.

As the Georgia Supreme Court has made clear, a motion seeking to set aside or vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).  A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, n.1 (686 SE2d 786) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it

---

[1] Since that time, Murray has filed numerous motions with the trial court and multiple appeals with this Court, all of which were dismissed.  See Case Nos. A11A0456, A14A0568, A15D0029, and A17A0394.

is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Murray's motion presented challenges to his convictions, and made no claim that his sentence fell outside the applicable statutory range. Because Murray may not attack his convictions in this manner, and because he made no colorable void-sentence claim, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,   06/21/2017*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*