# Court of Appeals
# of the State of Georgia

ATLANTA,  June 29, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0499.  JERRY MARTIN v. THE STATE.**

A jury found Jerry Martin guilty on one count each of aggravated sexual battery, aggravated child molestation, enticing a child for indecent purposes, and child molestation.[1]  His judgment of conviction was affirmed in an unpublished opinion.  See *Martin v. State*, Case No. A07A0274, decided May 22, 2007.[2]  Martin recently filed two pro se motions, one seeking to set aside his judgment of conviction and another to recuse the trial judge.  On May 17, 2017, the trial court entered orders denying the motions.  Martin filed this application for discretionary appeal.  We, however, lack jurisdiction.

As the Georgia Supreme Court has made clear, a motion seeking to set aside or vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a motion should be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).  A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286

---

[1] The aggravated sexual battery, enticing a child for indecent purposes, and child molestation counts were merged with the aggravated child molestation count for purposes of sentencing.

[2] Since that time, Martin filed a motion to quash indictment challenging his judgment of conviction, which the trial court denied.  Martin filed a discretionary application, which was dismissed.  See Case No. A14D0055, decided October 18, 2013.

Ga. 216, n.1 (686 SE2d 786) (2009). However, "[m]otions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Martin does not argue that his sentence fell outside the permissible statutory range; nor has he otherwise raised a colorable void-sentence claim. Consequently, we lack jurisdiction to consider the order denying Martin's motion to set aside his judgment of conviction.

To the extent Martin seeks leave to appeal the denial of his motion to recuse, the order is now moot. A matter is moot if a ruling would have no practical effect on the alleged controversy. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997). Given that Martin has already been convicted and has no valid, pending issue relating thereto, the denial of his motion to recuse is moot. His application is thus subject to dismissal. See OCGA § 5-6-48 (b) (3).

For these reasons, Martin's application for discretionary appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __06/29/2017__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____, *Clerk.*