# Court of Appeals
# of the State of Georgia

ATLANTA,  July 14, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0528.  EARL PARRISH v. THE STATE.**

Earl Parrish was tried by a jury, convicted of rape, and given a life sentence. His judgment of conviction was affirmed.  See *Parrish v. State*, 237 Ga. App. 274 (514 SE2d 458) (1999).  Since that time, Parrish has filed numerous motions with the trial court; he further contested rulings thereon through multiple appeals and a discretionary application – each of which this Court dismissed.[1]  In the instant application for discretionary appeal, Parrish seeks to challenge the trial court's "Order on Extraordinary Motion for New Trial" entered June 2, 2017.[2]  It appears, however, that we lack jurisdiction.

Parrish has failed to provide this Court with a copy of the motion underlying the contested order.[3]  His application brief, however, reveals that Parrish seeks to challenge his judgment of conviction on grounds that: (1) he was arrested and evidence was gathered in violation of his Fourth Amendment rights; (ii) the indictment was flawed; (iii) his rights under the Due Process Clause were violated during the trial; (iv) the trial court erred by taking judicial notice of a "pseudo scientific method"; and (v) he was deprived of his Sixth Amendment right to effective

---

[1] See Case No. A16D0479 (decided August 11, 2016); Case No. A15A1869 (decided June 11, 2015); Case Nos. A15A1757, A15A1758, and A15A1759 (all decided June 11, 2015).

[2] Therein, the trial court "DENIE[D] Defendant's Extraordinary motion filed on December 21, 2016."

[3] See, however, this Court's Rule 31 (e).

assistance of trial counsel. These issues, Parrish contends, "have not been addressed in a manner that resolves the substantive defects that create a reasonable probability that the conviction and sentence in this case are void."

Even assuming that Parrish pursued the foregoing grounds in the underlying motion, such collateral attacks upon his judgment of conviction were not viable. As the Georgia Supreme Court has made clear, a motion seeking to set aside or vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, n.1 (686 SE2d 786) (2009). However, "[m]otions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Parrish's application brief challenges only his conviction, and he has made no claim that his sentence fell outside the applicable statutory range. Because Parrish may not attack his conviction in this manner, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 07/14/2017*
  *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*



                *, Clerk.*