# Court of Appeals
# of the State of Georgia

ATLANTA,  September 01, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0115.  JEROME BROADBELT v. THE STATE.**

In March 2014, Jerome Broadbelt entered a negotiated guilty plea to armed robbery.  The trial court imposed a 20-year sentence, with the first 12 years to be served in prison, and the remainder to be served on probation.  The record contains no indication that Broadbelt filed a direct appeal from his judgment of conviction.

In June 2017, Broadbelt filed a "Motion to Modify Void Conviction and Sentence on [D]efective Indictment," claiming that defects in the grand jury proceedings rendered his indictment invalid and his resulting conviction and sentence void.  The trial court denied Broadbelt's motion, and he filed this direct appeal.  We lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."  *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  Any appeal from an order denying or dismissing such a motion must be dismissed.  See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2).

To the extent that Broadbelt seeks to challenge his sentence, a direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper*, 286 Ga. at 217 (1), n. 1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *von*

*Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  Broadbelt has not raised a colorable void-sentence claim because his 20-year sentence does not exceed the maximum sentence that may be imposed for armed robbery.  See OCGA § 16-8-41 (b) (armed robbery is punishable by, inter alia, "imprisonment for not less than ten nor more than 20 years").

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* *09/01/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* *, Clerk.*