# Court of Appeals
# of the State of Georgia

ATLANTA,  February 20, 2018

*The Court of Appeals hereby passes the following order:*

**A18D0314. CURTIS SWINTON v. THE STATE.**

In 2012, Curtis L. Swinton was convicted of robbery by force, aggravated assault, and kidnapping with bodily injury. He was sentenced to life imprisonment plus twenty years. We affirmed his convictions on appeal in an unpublished opinion. See *Swinton v State*, Case No. A15A0727 (decided June 29, 2015). In May 2017, Swinton filed a "motion for modification for void conviction and sentence," arguing that there was insufficient evidence to support his conviction for kidnapping, the indictment was void and defective, and his sentence was "ambiguous." The trial court denied the motion on September 27, 2017, and Swinton filed a direct appeal. We dismissed Swinton's direct appeal for lack of jurisdiction on the ground that Swinton's assertions were challenges to his convictions rather than his sentence, and Swinton was not authorized to attack his convictions in this manner. See *Swinton v. State*, Case No. A18A0986 (dismissed Jan. 16, 2018). On January 31, 2018, Swinton filed an application for discretionary appeal from the same order. We lack jurisdiction of this application for two reasons.

First, as we explained in our order dismissing Swinton's direct appeal, a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case," and an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Swinton's motion challenged his convictions rather than his sentence and was therefore unauthorized.

Moreover, Swinton's application is untimely. An application for discretionary appeal must be filed within 30 days of entry of the order or judgment to be appealed.

OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989). Swinton filed this application 126 days after entry of the challenged order, and the application is therefore untimely.

For the foregoing reasons, Swinton's application for discretionary appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, 02/20/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*