# Court of Appeals
# of the State of Georgia

ATLANTA,  October 09, 2018

*The Court of Appeals hereby passes the following order:*

## A19D0087.  JAMES DANDY UYANNA v. THE STATE.

In 2008, James Dandy Uyanna pled guilty to carrying a concealed weapon, driving under the influence of alcohol, driving while unlicensed, and driving with an expired tag.  According to Uyanna, he filed a motion to contest his convictions on the basis that his trial counsel failed to inform him of the immigration consequences of his guilty plea.[1]  The trial court entered an order denying his "Motion to Correct, Amend, or Vacate Sentence/Charge" on June 29, 2018.  On July 31, 2018, Uyanna filed an application for discretionary appeal to the Supreme Court, which transferred the case to this Court.  See Case No. S19D0015 (transferred Aug. 23, 2018).  We, however, lack jurisdiction.

An application for discretionary appeal must be filed within 30 days of entry of the order to be appealed.  OCGA § 5-6-35 (d).  The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith.  See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Because Uyanna filed his discretionary application in the Supreme Court 32 days after the trial court issued its order, his application is untimely.

Second, even if Uyanna's application had been timely filed, this Court would still lack jurisdiction.  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically

---

[1] Uyanna has not included a copy of his motion with his application, as is required by Court of Appeals Rule 31 (e).

because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Uyanna has not raised that claim. Moreover, to the extent that Uyanna's motion could be construed as seeking to vacate or modify his convictions, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," and any appeal from an order denying or dismissing such a motion must be dismissed. *Harper v. State*, 286 Ga. 216, 218 (1), (2) (686 SE2d 786) (2009); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). For these reasons, we lack jurisdiction to consider Uyanna's application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,   10/09/2018          *
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*