# Court of Appeals
# of the State of Georgia

ATLANTA,  October 01, 2019

*The Court of Appeals hereby passes the following order:*

**A20A0149. LABARRION HARRIS v. THE STATE.**

The trial court sentenced LaBarrion Harris to serve 20 years in prison following his 2011 guilty plea to armed robbery, aggravated assault, and other related offenses. In an unpublished opinion, this Court affirmed the denial of his motion for an out-of-time appeal and motion to modify his sentence. See *Harris v. State*, Case No. A14A0811 (Sept. 22, 2014). Following multiple attempts to seek review of his convictions in this Court,[1] Harris now appeals from the trial court's denial of his June

[1] See Case Nos. A18A0837 (Jan. 4, 2018) (dismissing direct appeal from denial of motion to vacate a void sentence), A18D0244 (Jan. 16, 2018) (dismissing application for discretionary review of denial of motion to vacate a void judgment), A18A1270 (Mar. 5, 2018) (dismissing direct appeal from same trial court order as was at issue in Case No. A18D0244), A18D0344 (Mar. 28, 2018) (dismissing application for discretionary review of denial of "Motion to Discharge Unconstitutional Indictment for Lack of Personal Jurisdiction and Subject Matter Jurisdiction"), A18D0367 (Mar. 28, 2018) (dismissing application for discretionary review of "Motion to Nullify Judgment of Void Indictment"), A18D0537 (Aug. 2, 2018) (dismissing application for discretionary review of denial of motion in arrest of judgment filed in a separate criminal proceeding), A18A2048 (Sept. 28, 2018) (dismissing direct appeal from same trial court order as was at issue in Case No. A18D0367), A18A2063 (Sept. 28, 2018) (dismissing direct appeal from denial of "Motion Challenging Jurisdiction of Judgment in Unconstitutional Indictment Pursuant to OCGA § 17-2-1 (a) and OCGA § 17-9-4"), A18A2045 (Nov. 30, 2018) (affirming denial of out-of-time motion to withdraw guilty pleas), A19A0981 (Jan. 11, 2019) (dismissing direct appeal from "Motion in Arrest of Void Judgment"), A19A1446 (Mar. 15, 2019) (dismissing direct appeal from denial of motion to set aside verdict), and A19A2107 (July 12, 2019) (dismissing direct appeal from denial

2019 "Motion to Correct Clerical Error and O.C.G.A. Violations." He again complains about the transfer of his 2010 arrest warrant, this time as a violation of Uniform Superior Court Rule 3.3. However, we lack jurisdiction to consider this appeal.

As we recently explained in our July 2019 dismissal of Harris' appeal raising the same argument (Case No. A19A2107), after a criminal conviction has been affirmed, a defendant seeking to challenge his conviction has three available remedies: he may file an extraordinary motion for new trial, a motion in arrest of judgment, or a petition for habeas corpus. *Harper v. State*, 286 Ga. 216, 217-218 (1) (686 SE2d 786) (2009). None of these remedies support the instant appeal. Harris, in essence, seeks again to challenge his convictions. However, he is not authorized to seek relief in this manner. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010) (post-conviction motion seeking to vacate an allegedly void conviction is not a valid procedure in a criminal case). Therefore, this appeal is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,__10/01/2019__

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.


, *Clerk.*

---

of motion to correct violation of USCR 3.1).