# Court of Appeals
# of the State of Georgia

ATLANTA,  September 30, 2019

*The Court of Appeals hereby passes the following order:*

**A20A0359.  DONTA Q. JOHNSON v. THE STATE.**

Donta Q. Johnson was convicted for rape, aggravated sodomy, aggravated child molestation, two counts of aggravated sexual battery, three counts of child molestation, and battery, family violence.  The trial court subsequently denied Johnson's motion for new trial, but noted a sentencing error and determined that Johnson should be re-sentenced to reflect split sentences on the child molestation counts.  Johnson sought to appeal the trial court's decision, but we dismissed his appeal for failing to follow the interlocutory application procedures.  Case No. A18A0769 (decided December 7, 2017).  Johnson was re-sentenced in April 2018. Johnson then filed a motion for de novo hearing, which the trial court denied. Johnson appealed, and his appeal was dismissed for failing to file a brief.  See Case No. A19A1597 (decided April 15, 2019).  In June 2019, Johnson filed a "Motion to Correct Void Sentence" and a "Motion in Arrest, to Stay the Judgment, to Correct a Void Judgment and Sentence" challenging his convictions and sentences as void. The trial court denied the motions, and Johnson filed this direct appeal.  We, however, lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."  *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  Any appeal from an order denying or dismissing such a petition or motion must be dismissed.  See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2).  Consequently, this Court lacks the authority to review Johnson's post-appeal challenges to his convictions.  See *Roberts*, 286 Ga. at 532; *Harper*, 286 Ga. at 218 (2).

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

In his motions to correct a void sentence, Johnson contended that: (i) the State failed to disclose evidence; (ii) two counts should have merged; (iii) his trial counsel rendered ineffective assistance in several respects; and (iv) "the essential element of the fact-causation [was] omitted." None of these challenges – which are directed to Johnson's convictions, and not his sentences – raise a colorable argument that his sentence is void. See *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides.").

The only contention relating to Johnson's sentence was that he did not receive split sentences for his child molestation counts in violation of OCGA § 17-10-6.2 (b). However, his contention is without merit because the trial court specifically re-sentenced Johnson giving him split sentences on those counts.

For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.  See *Roberts*, 286 Ga. at 532; *Harper*, 286 Ga. at 218 (2); *Jones*, 278 Ga. at 671; *Frazier*, 302 Ga. App. at 349.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta, 09/30/2019*
 *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*