# Court of Appeals
# of the State of Georgia

ATLANTA,  October 22, 2019

*The Court of Appeals hereby passes the following order:*

**A20A0502. ARON REXHEPI v. THE STATE.**

Aron Rexhepi was convicted of armed robbery and other crimes, and this Court affirmed his conviction in an unpublished opinion. See Case No. A15A1079 (Oct. 16, 2015).[1] In 2019, Rexhepi filed a "motion to vacate illegal sentence," challenging the trial court's authority to indict, try, and sentence him based on his claim that his arrest warrant was void for vagueness. The trial court denied the motion, and Rexhepi appealed to the Georgia Supreme Court, which transferred the case to this Court. See Case No. S20A0031 (Sept. 3, 2019). We lack jurisdiction.

Rexhepi's motion challenging his arrest warrant and the trial court's authority to try and convict him is a challenge to the validity of his conviction. A post-conviction motion seeking to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a motion should be dismissed. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

An appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. *Harper v. State*, 286 Ga. 216, 217 (1), n. 1 (686 SE2d 786) (2009). Rexhepi, however, has not done so. "Motions to vacate a void sentence generally are

---

[1] This Court subsequently denied Rexhepi's application for discretionary review of the trial court's order denying his motion in arrest of judgment, see Case No. A17D0275 (Feb. 17, 2017) and dismissed his application for review of the trial court's order denying his extraordinary motion for new trial, see Case No. A17D0367 (Apr. 14, 2017).

limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Rexhepi does not contend that his sentence exceeded the statutory range of punishment; instead, he challenges the validity of his conviction.

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,  10/22/2019*
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


                                  *, Clerk.*