# Court of Appeals
# of the State of Georgia

ATLANTA,  August 24, 2020

*The Court of Appeals hereby passes the following order:*

## A20A1965. KENDRICK D. HEATH v. THE STATE.

A jury found Kendrick Heath guilty of burglary, possession of cocaine, fleeing and attempting to elude a police officer, and other offenses, and we affirmed the denial of his motion for a new trial on appeal. *Heath v. State*, No. A16A1839 (Dec. 6, 2016). In 2020, Heath filed a pro se motion to correct an illegal sentence. The trial court denied the motion, and Heath filed this appeal. We lack jurisdiction.

A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Therefore, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Heath's motion to correct an illegal sentence does not argue that his sentence exceeded the maximum allowable punishment for his convictions Rather, he argues that the trial court erroneously believed it was required to impose a 20-year sentence for the burglary conviction due to Heath's recidivist status. Heath also contends that, due to a defect in the verdict form, he was actually convicted of misdemeanor fleeing and eluding, not a felony. Neither of these arguments constitute

a valid void sentence claim, as Heath has not alleged that his sentence is longer than the law allows. Because Heath has not raised a colorable void sentence claim, we lack jurisdiction to consider this appeal, which is hereby DISMISSED. *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   08/24/2020*
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*