# Court of Appeals
# of the State of Georgia

ATLANTA,  May 26, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1456. FREDERICK D. GREEN v. THE STATE.**

In 2008, Frederick D. Green was convicted of armed robbery and aggravated assault. We affirmed Green's convictions and sentence in an unpublished opinion. See Case No. A09A1273 (Sept. 8, 2009). Green thereafter filed a motion to vacate his convictions, asserting that his convictions were void due to ineffective assistance of counsel and error in the jury charge. His motion was denied, and this Court dismissed his subsequent appeal.[1] See Case No. A16A1862 (July 18, 2016). In doing so, we explained that Green's motion was in substance a challenge to the validity of his conviction, but a motion seeking to challenge an allegedly void judgment of conviction is not one of the established procedures for challenging a judgment in a criminal case, and an appeal from the denial of such a motion must be dismissed. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).

In March 2021, Green filed a "Motion to Null, Void or Vacate Illegal Sentence." In his motion, Green concedes that his sentence is not void. See *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991) ("A sentence is void if the court imposes punishment that the law does not allow."). Rather, he contends that his convictions arose from an alleged conspiracy between the trial court, the State, and

---

[1] This Court also dismissed Green's appeals from the denial of a motion to vacate his convictions based on inconsistent verdicts, see Case No. A16A0316 (Dec. 9, 2015), and the denial of his extraordinary motion for new trial, see Case No. A17A0204 (Sept. 20, 2016).

his counsel, which Green asserts resulted in ineffective assistance of counsel and error in the jury charge. The trial court denied Green's motion, and he again appeals. We lack jurisdiction.

As explained in Case No. A16A1862, Green's motions are an improper challenge to the validity of his convictions, and an appeal from the denial of such a motion is subject to dismissal. See *Roberts*, 286 Ga. at 532; *Harper*, 286 Ga. at 218 (1). In addition, "[i]t is axiomatic that the same issue cannot be relitigated ad infinitum," *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) (punctuation omitted), and the prior dismissal order in this case constitutes binding law of the case. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011).

For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   05/26/2021*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*