# Court of Appeals
# of the State of Georgia

ATLANTA, October 25, 2022

*The Court of Appeals hereby passes the following order:*

**A23D0091. WILLIAM HOYT WHITTENBURG v. THE STATE.**

William Hoyt Whittenburg filed this discretionary application from the trial court's order denying multiple post-conviction motions, including a motion for production order, a motion to make prisoner available for a video tele-conference, a motion for an evidentiary hearing, and a rule nisi. The trial court found that – at this point – Whittenburg's sole remedy for challenging his conviction is through habeas corpus proceedings. Whittenburg seeks leave to appeal this ruling, arguing that he is entitled to challenge his allegedly void sentence at any time. We lack jurisdiction.

A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 (1) n.1 (686 SE2d 786) (2009)*; Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013). According to Whittenburg, his sentence is void because the indictment was flawed. A challenge to the validity of an indictment is a challenge to the conviction rather than the sentence. See *Thompson v. State*, 304 Ga. 146, 149 (3) (816 SE2d 646) (2018); *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008). The Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

Because Whittenburg is not authorized to collaterally attack his conviction in this manner, this application for discretionary appeal is hereby DISMISSED. See *Roberts*, 286 Ga. at 532; *Harper*, 286 Ga. at 218 (2).



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,*   10/25/2022

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*