# Court of Appeals
# of the State of Georgia

ATLANTA,  January 20, 2023

*The Court of Appeals hereby passes the following order:*

## A23D0201. WILLIAM HOYT WHITTENBURG v. THE STATE.

William Hoyt Whittenburg filed this application for discretionary appeal from the trial court's final order denying multiple post-conviction motions, including a motion to produce, motion to make prisoner available, and motion for hearing. As Whittenburg seeks to challenge his underlying conviction, the trial court determined that his sole remedy is habeas corpus proceedings. Whittenburg seeks leave to appeal this ruling, arguing that the trial court has the authority to set aside a void conviction and sentence.[1]

Whittenburg is mistaken. The Supreme Court has made clear a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). A defendant may still raise a void *sentence* argument. *Harper v. State*, 286 Ga. 216, 217 (1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

---

[1] Whittenburg filed a similar application involving a separate lower court case, which was dismissed. See Case No. A23D0091 (Oct. 25, 2022).

Here, there is no suggestion that Whittenburg's sentence exceeded the permissible range of punishment. Rather, Whittenburg challenges the validity of his conviction. Because Whittenburg is not authorized to collaterally attack his conviction in this manner, his application for discretionary appeal is hereby DISMISSED. See *Roberts*, 286 Ga. at 532; *Harper*, 286 Ga. at 218 (2).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  *01/20/2023*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*, Clerk.*