# Court of Appeals
# of the State of Georgia

ATLANTA, February 09, 2023

*The Court of Appeals hereby passes the following order:*

## A23D0225. DARRELL EUGENE YOUNGER v. THE STATE.

In 2010, Darrell Eugene Younger pleaded guilty to armed robbery, cruelty to children in the first degree, and burglary. In November 2022, Younger filed a pro se "motion to set aside a void judgment," arguing that the indictment was not returned in open court, the indictment was defective, and that the armed robbery and burglary counts should have merged. The trial court dismissed the motion, and Younger filed this pro se discretionary application. We lack jurisdiction.

Younger's challenges are an attack on his convictions. See *Thompson v. State*, 304 Ga. 146, 149 (3) (816 SE2d 646) (2018) ("Appellant claims that his convictions are void because the record does not show that his indictment was returned in open court."); *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008) (holding that challenges to the indictment "are essentially attempts to vacate a judgment of conviction"). See also *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010) (a merger claim is a challenge to a criminal conviction). The Supreme Court, however, has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); see also *Weaver v. State*, 359 Ga. App. 784, 785 (1) (860 SE2d 96) (2021) ("a motion to vacate an allegedly void conviction is an improper mechanism in which to collaterally attack a conviction").

Because Younger is not authorized to collaterally attack his convictions in this manner, this application is hereby DISMISSED. See *Roberts*, 286 Ga. at 532; *Harper v. State*, 286 Ga. 216, 218 (2) (686 SE2d 786) (2009).



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,  02/09/2023*
     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*