# Court of Appeals
# of the State of Georgia

ATLANTA,  May 30, 2023

*The Court of Appeals hereby passes the following order:*

**A23D0339. CHARLES CARMICHAEL v. THE STATE.**

Charles Carmichael was convicted of aggravated assault and feticide in 2006. He filed a motion for new trial, which the trial court denied, and this Court affirmed his convictions on appeal. *Carmichael v. State*, 305 Ga. App. 651 (700 SE2d 650) (2010). Recently, Carmichael filed a motion to set aside void judgment, in which he claimed several errors regarding his indictment and his convictions but did not mount any challenge to his sentence. The trial court denied the motion, and Carmichael filed this application for discretionary review.

As the Supreme Court of Georgia has made clear, a motion seeking to vacate or set aside an allegedly void conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a motion should be dismissed. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (2) (686 SE2d 786) (2009). Because Carmichael was not authorized to seek relief from his convictions pursuant to his motion to set aside,[1] this discretionary application is hereby

---

[1] We note that while a direct appeal may lie from an order denying a motion to vacate or correct a void sentence, see *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009), Carmichael's motion to set aside did not mount any challenge to his sentence. Further, Carmichael's motion cannot be construed as a proper vehicle for attacking his convictions, as it was neither filed within the time permitted for motions in arrest of judgment, see OCGA § 17-9-61, nor in the county in which he was detained as required for petitions for writ of habeas corpus. See OCGA § 9-14-43; *Roberts*, 286 Ga. at 532 n. 1.

DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,  05/30/2023*

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ , *Clerk.*