# Court of Appeals
# of the State of Georgia

ATLANTA,  June 22, 2023

*The Court of Appeals hereby passes the following order:*

**A23D0356. GEORGE LAMAR JOHNS v. THE STATE.**

In 2014, after a jury trial, George Johns was convicted of voluntary manslaughter and possession of a firearm by a convicted felon. The court sentenced Johns to twenty years on the voluntary manslaughter count and five years on the firearm count. We affirmed Johns's convictions on appeal. Case No. A17A0401 (decided Jun. 5, 2017). In March 2023, Johns filed a motion to vacate void sentence, apparently claiming that the verdicts were "repugnant" and should not be permitted to stand because he was acquitted on the aggravated assault charge but found guilty of voluntary manslaughter.[1] The trial court dismissed the motion on the ground that Johns did not raise a valid void sentence claim. Johns filed this application for discretionary appeal from that ruling. We lack jurisdiction.

As a threshold matter, we note that a discretionary application was not required in this case, as a direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence. See *Harper v. State*, 286 Ga. 216, 217 (1), n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). This Court will grant a timely application for discretionary appeal if the trial court's ruling is subject to direct appeal. See OCGA § 5-6-35 (j).

However, a direct appeal lies from such an order only if the defendant raises a colorable claim that the sentence is, in fact, void. *Burg*, 297 Ga. at 119. "Motions

---

[1] The motion is not included in the application materials. Thus, we have taken information regarding the motion's contents from the trial court's order and Johns's application ("Brief").

to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). The sentence imposed in this case, twenty years for voluntary manslaughter and five years for possession of a firearm by a convicted felon, is within the statutory range. See OCGA § 16-5-2 (b); OCGA § 16-11-131 (b). Therefore, Johns has not raised a colorable void sentence claim, and the trial court's ruling is not subject to a direct appeal. See *Burg*, 297 Ga. App. at 120; *Jones*, 278 Ga. at 671.

Moreover, our Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). According to Johns, the guilty and not guilty verdicts reflect findings by the jury that cannot exist simultaneously, such that the evidence is insufficient to support a guilty verdict on the convicted charge. Regardless of the nomenclature, Johns's motion sought to set aside his criminal convictions. His motion was therefore subject to dismissal. See id.

Accordingly, because Johns has not raised a colorable void sentence claim and is not authorized to attack his conviction in this manner, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,  06/22/2023*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*
_____ *, Clerk.*