# Court of Appeals
# of the State of Georgia

ATLANTA,  October 25, 2023

*The Court of Appeals hereby passes the following order:*

**A24A0326. ROY BOONE BRIGHT v. THE STATE.**

In 2015, a jury found Roy Boone Bright guilty of burglary and theft by taking. In 2017, the trial court granted Bright a new trial, and Bright was again convicted of burglary and theft by taking.[1] Ultimately, Bright filed a petition for an out-of-time appeal, which the trial court denied. On appeal, this Court reversed. See Case No. A21A1140 (Aug. 23, 2021). However, this Court later dismissed his appeal following the Supreme Court's decision in *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022). See Case No. A22A0626 (April 13, 2022). In 2022, Bright filed a "Motion to Dismiss for Violation of Double Jeopardy Law," and in 2023, he filed a "Motion to Dismiss Under Newly Discovered Evidence." The trial court addressed both motions in a single order. As to the double jeopardy motion, the trial court found that it was an unauthorized attack on his convictions and denied the motion. And as to the newly discovered evidence motion, the trial court treated it as an extraordinary motion for new trial and denied the motion. Bright then filed this direct appeal. We, however, lack jurisdiction.

First, the Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an

---

[1] During the proceedings, Bright has filed multiple appeals, which have all been dismissed. See Case Nos. A18D0384 (April 12, 2018), A18D0450 (May 15, 2018), A19A0561 (direct appeal following grant of Case No. A18D0394) (Dec. 12, 2018), A19A0565 and A19A0566 (Dec. 13, 2018), A21A0549 (Nov. 17, 2020).

appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

Second, an appeal from an order denying an extraordinary motion for new trial must be made by filing an application for discretionary appeal in this Court. OCGA § 5-6-35 (a) (7); *Davis v. State*, 182 Ga. App. 736, 736-737 (356 SE2d 762) (1987). "Compliance with the discretionary appeals procedure is jurisdictional." *Hair Restoration Specialists, Inc. v. State*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (citation and punctuation omitted). Bright's failure to follow the discretionary appeals procedure thus deprives us of jurisdiction.

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
          *Clerk's Office,*
*Atlanta,*   10/25/2023

          *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

          *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*