# Court of Appeals
# of the State of Georgia

ATLANTA,  February 14, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1033. CHANEY WAYNE ALLEN v. THE STATE.**

Chaney Wayne Allen was convicted of four counts of child molestation and two counts of sexual battery against a child under the age of sixteen. We affirmed Allen's convictions in an unpublished opinion. See *Allen v. State*, Case No. A19A2023 (decided Feb. 21, 2020). Allen was initially sentenced to 40 years to serve 35 in prison and the remaining years on probation. In July 2024, the State filed a motion to correct void sentence, which the trial court granted following a hearing. Allen's total sentence remained unchanged, but the years he was ordered to serve on probation were redistributed among the four child molestation counts to comply with OCGA § 17-10-6.2. Allen filed a pro se notice of appeal from the trial court's resentencing order. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a defendant may seek sentence modification within one year from the date a sentence is imposed. But here, Allen has not sought modification of the trial court's resentencing order. Rather, in his notice of appeal, Allen argues that he made an oral motion to merge the sentences on his convictions, which the trial court denied. The trial court's written order does not reference Allen's merger claim, and the record does not include the transcript from the hearing. To the extent Allen asserted such a claim, however, the claim is a challenge to his convictions, not his sentences. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010). "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case[,]" *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion

must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction. See *Roberts*, 286 Ga. at 532.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*  02/14/2025

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*