# Court of Appeals
# of the State of Georgia

ATLANTA, March 19, 2025

*The Court of Appeals hereby passes the following order:*

**A25D0281. SHAWN ZANDERS v. THE STATE.**

In 1997, a jury found Shawn Zanders guilty of kidnapping and other crimes. In 2024, Zanders filed a pro se "motion for void sentence," arguing that he was never arraigned and therefore his conviction is void. The trial court dismissed the motion on January 7, 2025, and Zanders filed this application for discretionary review on February 25, 2025.[1] We lack jurisdiction for two reasons.

First, to be timely, an application for discretionary appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Here, Zanders's application was filed 49 days after entry of the January 7 order. As such, it is untimely.

Second, regardless of nomenclature, Zanders's underlying motion seeks to challenge the validity of his conviction. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). A motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of

---

[1] Zanders also filed a direct appeal, which has been docketed as Case No. A25A1295.

a judgment in a criminal case," and an appeal from the denial of such a motion is subject to dismissal. Id.

For these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*   03/19/2025

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.